I4K3MAKP                    Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                        17 CR 350 (KBF)

LEVAN MAKASHVILI,

              Defendant.

------------------------------x

                                    New York, N.Y.
                                    April 20, 2018
                                    2:30 p.m.


Before:

                    HON. ONA T. WANG,

                                    Magistrate Judge


                        APPEARANCES

GEOFFREY S. BERMAN
     Interim United States Attorney for the
     Southern District of New York
ANDREW C. ADAMS
     Assistant United States Attorney

XAVIER R. DONALDSON
     Attorney for Defendant

ALSO PRESENT:  Maya Beridze, Georgian Interpreter
                             Special Agent Robert Hanratty, FBI

I4K3MAKP                    Plea

1                (Defendant's responses are in English unless otherwise

2        noted)

3                THE DEPUTY CLERK:  United States v. Makashvili, 17 CR

4        350.  Counsel, please state your appearances for the record.

5                MR. ADAMS:  Good afternoon, your Honor.  Andrew Adams

6        for the United States, and with me at counsel table is Special

7        Agent Robert Hanratty of the FBI.

8                MR. DONALDSON:  For Mr. Makashvili, Xavier R.

9        Donaldson, good afternoon.  Good afternoon Mr. Adams, good

10       afternoon, law enforcement.

11               THE COURT:  Good afternoon.  I am Magistrate Judge

12       Wang.

13               Mr. Makashvili, are you able to hear and understand

14       what the interpreter is telling you?

15               THE DEFENDANT:  Yes.

16               THE COURT:  I have before me a consent to proceed

17       before a United States magistrate judge on a felony plea

18       allocution that you have signed.  What this form says is that,

19       knowing you have the right to have this plea taken by a United

20       States district judge, you're agreeing to have the plea taken

21       by a United States magistrate judge.  As a magistrate judge, I

22       have the authority to take your plea with your consent, and you

23       would still be entitled to all of the same rights and

24       protections as if you were before a district judge.  Among

25       other things, if you're found guilty, you will be sentenced by

I4K3MAKP                      Plea

1    a district judge.

2                   Did you sign the consent to proceed before a United

3    States magistrate judge voluntarily?

4                   THE DEFENDANT:  Yes.

5                   THE COURT:  Before you signed the form, did your

6    lawyer explain it to you?

7                   THE DEFENDANT:  Yes.

8                   THE COURT:  Do you wish to proceed with your plea

9    before a United States magistrate judge?

10                   THE DEFENDANT:  Yes.

11                   THE COURT:  Your consent is accepted.

12                   The purpose of this proceeding is to make sure that

13    you understand your rights, to decide whether you're pleading

14    guilty of your own free will, and to make sure that you are

15    pleading guilty because you are guilty and not for some other

16    reason.

17                   Do you understand that?

18                   THE DEFENDANT:  Yes.

19                   THE COURT:  If at any time you don't understand any of

20    my questions, or if you wish to consult with your attorney,

21    just say so.  Because it is important that you understand every

22    question before you answer.

23                   Before I take your plea, I must ask you a series of

24    questions and I therefore need to place you under oath.  Please

25    raise your right hand.

```
 1              (Defendant sworn)
 2              THE COURT:  Mr. Makashvili, do you understand that any
 3    statements you make here today under oath may be used against
 4    you in a prosecution for perjury or for making false statements
 5    if you do not tell the truth?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Did you sign this waiver of indictment?
 8              THE DEFENDANT:  Yes.
 9              THE COURT:  Before you signed it, did you discuss it
10    with your attorney?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Do you understand what you are doing?
13              THE DEFENDANT:  Yes.
14              THE COURT:  Do you understand that you are under no
15    obligation to waive indictment?
16              THE INTERPRETER:  I'm sorry, your Honor.  Could you
17    repeat it, please?
18              THE COURT:  Do you understand that you are under no
19    obligation to waive indictment?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Do you understand that if you do not waive
22    indictment, if the government wants to prosecute you, they
23    would have to present this case to a grand jury, which may or
24    may not indict you?
25              THE DEFENDANT:  Yes.
```

I4K3MAKP                    Plea

1              THE COURT:  Do you realize that by signing this waiver

2      of indictment, you have given up your right to have this case

3      presented to a grand jury?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Do you understand what a grand jury is?

6              THE INTERPRETER:  This is the interpreter.  I don't

7      think he knows.

8              (Defendant conferring with his counsel)

9              THE DEFENDANT:  Yes.

10             THE COURT:  Have you seen a copy of the information?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Was it read or translated for you?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Do you waive its public reading?

15             THE INTERPRETER:  I'm sorry waive -- what?

16             THE COURT:  "Waive" meaning to give up.

17             THE INTERPRETER:  So it means he lose the right?

18             MR. DONALDSON:  Does he want it read out loud.

19             THE INTERPRETER:  Thank you very much.

20             THE DEFENDANT:  No.

21             THE COURT:  Wait.  You want me to read it publicly?

22             MR. DONALDSON:  No.  No, we do not.

23             THE COURT:  Okay.

24             MR. DONALDSON:  He said no.

25             THE DEFENDANT:  No.

I4K3MAKP                        Plea

1              THE COURT:  He waives the public reading then?

2              MR. DONALDSON:  Yes.

3              THE COURT:  Yes, okay.

4              How do you plead to the information, guilty or not

5    guilty?

6              THE DEFENDANT:  I plead guilty.

7              THE COURT:  Tell me your full name.

8              THE DEFENDANT:  Levan Makashvili.

9              THE COURT:  What is your age?

10             THE DEFENDANT:  29.

11             THE COURT:  Are you a citizen of the United States?

12             I need a verbal answer.

13             THE DEFENDANT:  No.

14             THE COURT:  What country are you a citizen of?

15             THE DEFENDANT:  Georgia.

16             THE COURT:  Are you able to read and write in English?

17             THE DEFENDANT:  A bit.

18             THE COURT:  What is your native language?

19             THE DEFENDANT:  Levan.

20             Georgian.

21             THE COURT:  Are you able to read and write in

22   Georgian?

23             THE DEFENDANT:  Yes, yes.

24             THE COURT:  How far did you go in school?

25             THE DEFENDANT:  (Through the interpreter) I went to

I4K3MAKP                          Plea

1    college, I graduated from college, and I graduated from high

2    school, too.

3              THE COURT:  Are you now or have you recently been

4    under the care of a doctor or a psychiatrist for any reason?

5              THE DEFENDANT:  No.

6              THE COURT:  Have you been treated recently for any

7    mental illness or addiction to narcotic drugs of any kind?

8              THE DEFENDANT:  I never smoke, never drink, never

9    nothing.  I'm a fighter.

10             THE COURT:  As you sit here today, are you under the

11   influence of any mind-altering drug or any alcoholic drink?

12             THE DEFENDANT:  Never, never.  No.

13             THE COURT:  Have you been able to understand

14   everything I have said to you so far?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you feel all right today?

17             THE DEFENDANT:  Yes.

18             THE COURT:  You have seen a copy of the information in

19   this case, right?

20             THE DEFENDANT:  Yes.

21             THE COURT:  I think we've been through this, but

22   you've read it and it's been translated for you?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you understand what it says that you

25   did?

I4K3MAKP                         Plea

1                THE DEFENDANT:  Yes.

2                THE COURT:  Have you had a chance to discuss the

3      charges and how you wish to plead with your attorney?

4                THE DEFENDANT:  Yes.

5                THE COURT:  Are you satisfied with your attorney's

6      representation of you?

7                THE DEFENDANT:  Yes.

8                THE COURT:  Have you had a full opportunity to discuss

9      this case with him?

10               THE DEFENDANT:  Yes.

11               THE COURT:  Has he told you the consequences of

12     pleading guilty?

13               THE DEFENDANT:  Yes.

14               THE COURT:  Are you ready to enter a plea?

15               THE DEFENDANT:  Yes.

16               THE COURT:  Count One of the information charges that

17     you, Mr. Makashvili, with interstate travel to facilitate an

18     unlicensed gambling business.

19               How do you wish to plead, guilty or not guilty?

20               THE DEFENDANT:  Guilty.

21               THE COURT:  Okay.  With respect to Count One of the

22     information, I want you to understand that the maximum penalty

23     is a prison term of five years, a maximum term of supervised

24     release of three years, a maximum fine of the greatest of

25     $250,000.

1            THE INTERPRETER:  I'm sorry, your Honor.  He asked

2    something.  I missed what you say.

3            THE COURT:  I'm sorry.

4            THE INTERPRETER:  So could you repeat it, please?

5            THE COURT:  Okay.  I'm going to run through a list of

6    the maximum penalties that may be assessed in connection with a

7    guilty plea to this crime.  That is the maximum sentence that a

8    Court could impose by law.

9            MR. DONALDSON:  Could we just have one second.

10            (Defendant conferring with his counsel)

11            MR. DONALDSON:  Sorry, Judge.  Go ahead.

12            THE COURT:  Everything all right?

13            MR. DONALDSON:  Yes.

14            THE COURT:  Okay.  Okay.  So, I'm going to start over

15    again and I'm going to list the maximum penalties, because I

16    want to make sure that you are aware of them and that I didn't

17    miss any of them.

18            So again, with respect to Count One of the

19    information, I want you to understand that the maximum penalty

20    of imprisonment is five years, the maximum term of supervised

21    release is three years.  There is a maximum fine of the

22    greatest of $250,000 or twice the gross pecuniary gain derived

23    from the offense --

24            THE INTERPRETER:  I'm sorry, I don't understand.  What

25    does it mean?

I4K3MAKP                    Plea

1          THE COURT:  Twice the gross pecuniary gain.  So twice

2     the monetary gain.

3          THE INTERPRETER:  Ah, okay.  Thank you.

4          THE COURT:  Or twice the gross pecuniary loss to

5     persons other than the defendant, and a $100 mandatory special

6     assessment.  In addition, the Court must order restitution to

7     any victims.

8          Do you understand these maximum penalties that I've

9     just described to you?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Do you also understand that if, as part of

12    your sentence, you are placed on a term of supervised release

13    and then you violated any of the conditions of that release,

14    you could face an additional term of imprisonment?

15         THE DEFENDANT:  Yes.

16         THE COURT:  The district judge can revoke the term of

17    release previously imposed, and return you to prison without

18    giving you any credit for time previously served.

19         THE DEFENDANT:  I understand.

20         THE COURT:  You would not get any credit for time

21    previously served on post-release supervision.

22         If you're not a United States citizen, do you

23    understand that your guilty plea may result in your being

24    removed from the United States, denied citizenship, and denied

25    admission to the United States in the future?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that you're bound by

3   your guilty plea regardless of the immigration consequences of

4   your plea and regardless of any advice that you may have

5   received from your counsel or others regarding those

6   consequences?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Have you specifically discussed the

9   immigration consequences with your attorney?

10         THE DEFENDANT:  Yes.

11         THE COURT:  I'm now going to explain certain

12  Constitutional rights that you have.  These are rights that you

13  will be giving up if you enter a guilty plea.  Please listen

14  carefully to what I'm about to say, and if you do not

15  understand something, stop me, and your attorney and I will

16  explain the issue more fully.

17         Do you understand that you have a right to plead not

18  guilty?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Or if you have already so pleaded, to

21  persist in that plea, and a right to a speedy and public jury

22  trial if you wish -- yes?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you understand that if you plead not

25  guilty and go to trial, you would be presumed innocent, and the

burden would be on the government to prove your guilt beyond a

reasonable doubt?

THE DEFENDANT:  Yes.

THE COURT:  That means that you would not have to

prove you were innocent, and you could not be convicted unless

a jury of 12 people unanimously agreed that you were guilty

beyond a reasonable doubt.

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that you would be

entitled to be represented by an attorney at all stages at

trial, and at every other stage of the proceedings.  And if you

could not afford to hire one, an attorney would be provided to

you by the Court for free.

Do you understand that at such a trial, you would be

entitled to confront and cross-examine any witnesses called by

the government to testify against you, that you would be

entitled to testify on your own behalf, that you could call

witnesses and present evidence, and that the Court would issue

subpoenas at your request to compel witnesses to appear and

testify in your defense even if they didn't want to come?

THE DEFENDANT:  Yes.

THE COURT:  Please keep your voice up if you're going

to say "yes," or let the interpreter know.

Do you understand that at a trial you would not be

required to testify against yourself?

1              THE DEFENDANT:  Yes.

2              THE COURT:  If you chose not to testify, that could

3    not be used against you.

4              THE DEFENDANT:  Yes.

5              THE COURT:  Do you understand that if you were

6    convicted at a trial, you have a right to appeal that verdict

7    to a higher court?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Do you understand that if you enter a

10   guilty plea, you give up all of these rights, including your

11   right to a trial, that you will not be able to withdraw this

12   plea --

13             THE DEFENDANT:  Yes.

14             THE COURT:  -- and that the only remaining step in

15   this case will be the sentencing?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you understand that the decision as to

18   the appropriate sentence in your case will be entirely up to

19   the sentencing judge, and that she will be limited only by what

20   the law requires?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you understand that even if you are

23   surprised or disappointed by your sentence, you will still be

24   bound by your guilty plea?

25             THE DEFENDANT:  Yes.

1          THE COURT:  Finally, if you do plead guilty, you're

2   also giving up your right not to incriminate yourself.

3          THE DEFENDANT:  Yes.

4          THE COURT:  And I will ask you questions about what

5   you did in order to satisfy myself that you are actually

6   guilty.

7          THE DEFENDANT:  Yes.

8          THE COURT:  By pleading guilty, you will be admitting

9   your factual as well as your legal guilt.  Do you understand

10  that?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Knowing all this, do you still wish to

13  plead guilty to Count One of the information?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Have any force or threats been used,

16  either direct or indirect, to influence how you plead today?

17         THE DEFENDANT:  No.

18         THE COURT:  I have before me a letter dated April 12,

19  2018, from the U.S. attorney to your attorney containing a plea

20  agreement.  Has this letter been translated for you?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Did you sign it on the last page?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Before you signed it, did you discuss it

25  with your attorney?

I4K3MAKP                     Plea

1      THE DEFENDANT:  Yes.

2      THE COURT:  Did he explain to you all its terms and

3   conditions?

4      THE DEFENDANT:  Yes.

5      THE COURT:  Apart from what is contained in this

6   letter, have any promises been made to you in order to get you

7   to plead guilty?

8      THE DEFENDANT:  No.

9      THE COURT:  In reviewing the plea agreement, I note

10   that it contains an analysis of how a part of our law of

11   sentencing known as the sentencing guidelines may impact on any

12   prison term in your case.

13      Based on that analysis, the agreement states the

14   conclusion that the guideline sentencing range can be expected

15   to be from zero to six months.

16      Do you understand that?

17      THE DEFENDANT:  Yes.

18      THE COURT:  Do you understand that the sentencing

19   judge is not bound by the calculation in the letter, and that

20   she will be free to do her own calculation, which may result in

21   a guideline range that is different from the one in the letter?

22      THE DEFENDANT:  Yes.

23      THE COURT:  Do you understand that no matter what the

24   sentencing range the sentencing judge believes is called for by

25   the guidelines, that range is just one of many factors that the

1   judge will consider in determining your sentence, and that the

2   judge has discretion to give you a prison sentence below or

3   above the range, anywhere up to the maximum sentence of

4   imprisonment of five years?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Do you also understand that under the

7   terms of this plea agreement, if the judge sentences you to a

8   prison term that is six months or less, you're giving up your

9   right to appeal that sentence or to challenge it in any other

10  way?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Also do you understand that the plea

13  agreement says you cannot appeal any fine of $20,000 or less,

14  and that you cannot appeal any lawful sentence of supervised

15  release?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Do you also understand that in this letter

18  you're giving up your right to complain if the government

19  withheld evidence from your attorney that would have been

20  helpful to you?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Is your plea voluntary; that is, made of

23  your own free will?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Have any threats been made to influence

I4K3MAKP                    Plea

1   how you plead today?

2            THE DEFENDANT:  No.

3            THE COURT:  Did you in fact commit the offense that is

4   charged in Count One of the information?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Before I ask you to tell me what you did,

7   I'll ask the government to summarize the elements of the

8   offense, and if they wish, to tell me any evidence that they

9   would have offered at trial.

10           MR. ADAMS:  Thank you, your Honor.  There are three

11  elements with respect to the single charge in this information.

12  The first is that the defendant traveled interstate; second,

13  that the travel was done with the intent to promote, manage,

14  establish or carry on an unlawful activity, which is a defined

15  term in the statute; and third, that after the interstate

16  travel, the defendant performed or attempted to perform an act

17  in furtherance of the same unlawful activity.  And here the

18  unlawful activity in question is a violation of 18, U.S.C.

19  Section 1955, which prohibits the operation of unlawful

20  gambling businesses.

21           With respect to proof at trial, were the government to

22  proceed, the proof would include surveillance performed by

23  agents of the FBI with respect to Mr. Makashvili and others

24  involved in the unlawful gambling business, ledgers and

25  documentation from the unlawful gambling business itself,

geolocation data related to cellular telephones belonging to

various members of the conspiracy relating to the unlawful

gambling business, and the testimony of several cooperating

witnesses and confidential sources, including with respect to

Mr. Makashvili's role.

THE COURT:  How would the government show that venue

lies in the Southern District of New York?

MR. ADAMS:  The venue with respect to the specific

charge included travel through the Southern District of New

York, specifically from New Jersey into Brooklyn through the

Southern District.

THE COURT:  Okay.  Thank you.

Mr. Makashvili, can you please tell me in your own

words what you did that makes you guilty of the charges against

you.

MR. DONALDSON:  So, your Honor, with the Court's

permission, Mr. Makashvili and myself have put together a --

authored an allocution for him to read.  It is in English.  So

he can't read it in English.  So, we've had the interpreter

read it verbatim to Mr. Makashvili on several occasions.

So what I would like to do is read it in English, and

then the court reporter can get it, and the interpreter will be

interpreting what I'm reading to Mr. Makashvili, and then we

can ask Mr. Makashvili whether he in fact admits to or agrees

to or if that's his statement.

1          THE COURT:  Does the government have any objection to

2     that process?

3          MR. ADAMS:  No, your Honor.  Thank you.

4          THE COURT:  Please proceed.

5          MR. DONALDSON:  Thank you.

6          "I, Levan Makashvili, on or about May of 2016, was

7     aware of an unlawful gambling enterprise at the Poker House in

8     Brooklyn, New York, which was made up of more than five people,

9     was in existence for more than 30 days, and was operating in

10    Brooklyn, New York, and elsewhere.

11         "On or about May 2016, I knowingly and unlawfully

12    traveled from Brooklyn, New York, to New Jersey through

13    Manhattan and back to Brooklyn for the purpose of assisting

14    members of the unlawful gambling enterprise promote their

15    gambling activities in Brooklyn.  I drove them from Brooklyn to

16    New Jersey and then back to Brooklyn.

17         "Once back in Brooklyn, I drove a member of the

18    unlawful gambling enterprise to a meeting at the Poker House so

19    that he could continue working on the group's unlawful gambling

20    activities.  I knew what I was doing was unlawful."

21         THE COURT:  Mr. Makashvili, your counsel has just read

22    in English a statement that he represents was prepared with

23    your assistance, and that the interpreter has translated for

24    you now.

25         I wanted to ask you if the statements that your

I4K3MAKP                        Plea

1    counsel just read into the record were exact and correct.

2                THE DEFENDANT:  Yes.

3                THE COURT:  And did you really do the things that

4    Mr. Donaldson read in English?

5                THE DEFENDANT:  Yes.

6                THE COURT:  Does the government represent that it has

7    sufficient evidence to establish Mr. Makashvili's guilt beyond

8    a reasonable doubt?

9                MR. ADAMS:  Yes, your Honor.

10               THE COURT:  Mr. Donaldson, do you know of any defense

11   that would prevail at trial or other reason why your client

12   should not be permitted to plead guilty?

13               MR. DONALDSON:  I do not.

14               THE COURT:  Do you have any doubt as to

15   Mr. Makashvili's competence to plead at this time?

16               MR. DONALDSON:  I have no doubt about that.

17               THE COURT:  And Mr. Makashvili, did you know that what

18   you were doing was against the law?

19               THE DEFENDANT:  Yes.

20               THE COURT:  Any further questions either side wants me

21   to ask?

22               MR. ADAMS:  No, your Honor.  Thank you.

23               MR. DONALDSON:  No, your Honor.  Thank you.

24               THE COURT:  Is there any reason why I should not

25   recommend that the district judge accept this plea?

1                MR. ADAMS:  No, your Honor.

2                MR. DONALDSON:  No, your Honor.

3                THE COURT:  On the basis of the defendant's responses

4      to my questions and my observations of his demeanor, I find

5      that he's fully competent to enter an informed plea at this

6      time.  I also conclude that he understands the nature of the

7      charges and the consequences of the plea.

8                THE DEFENDANT:  Yes.

9                THE COURT:  Finally, I'm satisfied that his plea is

10     voluntary and that there is a factual basis for it.

11     Accordingly, I recommend that the proffered plea to Count One

12     of the information be accepted.

13                I assume the government will order a copy of the

14     transcript and will submit it to Judge Forrest.

15                MR. ADAMS:  Yes, your Honor.

16                THE COURT:  Together with any additional paperwork so

17     that she may act on my recommendation.

18                A presentence investigation report is ordered.

19                Is there a sentencing date set yet?

20                MR. ADAMS:  There is not, your Honor.  We would ask

21     for a control date approximately 90 days out.

22                THE COURT:  Okay.  That would be July 20.  The

23     prosecution case summary for purposes of the presentence report

24     is to be delivered to the probation department no later than 14

25     days from today.

I4K3MAKP                    Plea

1          MR. DONALDSON:  Excuse me.

2          THE COURT:  Just a moment, okay.

3          (Pause)

4          MR. DONALDSON:  Judge, with the government's

5     permission, can we have August 1st as the control date?  Two

6     additional weeks.

7          THE COURT:  And the government has no objection?

8          MR. ADAMS:  No, your Honor.

9          THE COURT:  Control date is now August 1st, 2018.

10          The prosecution case summary for purposes of the

11     presentence report is to be delivered to the probation

12     department no later than 14 days from today.  Mr. Donaldson,

13     you should make yourself available to be interviewed by the

14     probation department with your client no later than 14 days

15     from today.

16          Is there anything further on this matter from either

17     side?

18          MR. ADAMS:  Nothing from the government, your Honor.

19          MR. DONALDSON:  No, your Honor.  Thank you.

20          THE COURT:  Thank you.  This matter is adjourned.

21          (Adjourned)

22

23

24

25